**In re Anonymous No. 30 D.B. 79**

TUMOLO, *Member*, November 10, 1987 — Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

Petitioner was disbarred with consent by order of the Supreme Court of Pennsylvania dated January 2, 1980, and effective February 1, 1980. Petitioner resigned following his December 20, 1979 plea of nolo contendere to the charges of possession of a controlled substance and possession with intent to deliver, as well as a plea of guilty to the charge of contraband. At the time of petitioner's resignation a petition for discipline had been filed against him by disciplinary counsel alleging commingling of funds.

On October 2, 1985, petitioner filed a petition for reinstatement together with a reinstatement questionnaire. The matter was initially referred to Hearing Committee [         ]. Upon request of petitioner, the matter was referred to Hearing Committee [         ] because of petitioner's current residence within District [         ] and his lack of desire to return to the District [         ] area.

A hearing was held before Hearing Committee [         ] on May 20, 1986. At the conclusion of the hearing, the record was held open for the submission of additional evidence from both petitioner and disciplinary counsel. The record was closed upon consent of the parties by letters from disciplinary counsel and counsel for petitioner dated March 5, 1987 and March 13, 1987 respectively.

The hearing committee found that petitioner demonstrated by clear and convincing evidence that

he was in compliance with the requirements of rule 218(c)(3)(i), Pa.R.D.E. and recommended that his petition for reinstatement be granted.

## FINDINGS OF FACT

(1) Petitioner was born on July 9, 1946, and was awarded a degree of juris doctor by [A] University School of Law in May 1973.

(2) Petitioner was admitted to the bar of the Supreme Court of Pennsylvania on or about October 1, 1973.

(3) On December 20, 1979, petitioner entered a plea of nolo contendere to two counts of violations of the Controlled Substance, Drug, Device, or Cosmetic Act and a plea of guilty to one count of contraband in proceedings docketed at [        ] in the Court of Common Pleas of [        ] County and was directed to pay costs of prosecution and a fine of $10,000 and to remain on probation for a period of 15 years.

(4) On January 2, 1980, pursuant to proceedings initiated by Office of Disciplinary Counsel against petitioner and docketed to the within docket number, wherein petitioner was charged with conviction of a crime as the result of the matters identified in no. 3 hereof and with commingling of funds, and in accordance with rule 215 of the Rules of Disciplinary Enforcement, petitioner was disbarred by consent by the Supreme Court of Pennsylvania.

(5) Petitioner did thereafter comply with the notice requirements of the Rules of Disciplinary Enforcement and has not engaged in the practice of law.

(6) Since January, 1980, petitioner has resided at [        ].

(7) Petitioner has paid in full the fine and costs assessed against him in the proceedings identified in no. 3 hereof, and, by order of court dated July 16,

1985, at the request of the Pennsylvania Board of Probation and Parole his term of probation was terminated.

(8) For most of the term of his disbarment petitioner has been employed in the field of market research, having held one position for three years and another for a period of one year as of the date of the hearing before the hearing committee.

(9) In 1985 petitioner took and successfully completed the Pennsylvania Basic Practice Course at [ ], Pennsylvania.

(10) For approximately 18 months in the early part of the term of his disbarment petitioner worked with the then dean of [A] University School of Law, [B], on a project involving research into and analysis of ecclesiastical law of marriage and annulment.

(11) Petitioner has retained a continuing interest in law and has read federal case summaries in the Journal of the American Bar Association, has attended law-related programs at [A] University School of Law, and has availed himself of opportunities to discuss developments in the law with faculty and students at the [A] University School of Law.

(12) Petitioner has submitted in his behalf statements of six persons, including two [A] University School of Law professors and one practicing attorney who describe petitioner as caring and compassionate, serious and reliable, unselfish, intelligent, thorough, and dedicated. At the hearing four persons testified as to petitioner's excellent reputation for honesty, integrity, and good character. It was the judgment of Dean [B] that petitioner is eminently well-qualified to practice law.

(13) Petitioner does not exhibit any indicia of psychological disorder and there is no psychiatric impediment to his resuming the practice of law.

18

(14) Petitioner's petition for reinstatement is not opposed by the Office of Disciplinary Counsel.

## ·DISCUSSION

This matter must be analyzed in light of the opinion of the Supreme Court of Pennsylvania in *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). In that decision the court distinguished the penalties of disbarment and suspension. The court stated that after the period of suspension has expired the suspended attorney may resume the practice of law upon demonstrating compliance with rule 218(c)(3)(i), Pa.R.D.E. The disbarred attorney, on the other hand, has no basis for an expectation of the right to resume the practice of law in the future.

The court stated that:

"When reinstatement is sought by the disbarred attorney, the threshhold question must be whether the magnitude of the breach of trust would permit the resumption of practice without a detrimental effect upon 'the integrity and standing of the bar or the administration of justice nor subversive of the public interest.' Pa.R.D.E. 218(c)(3)(i)." *Keller, supra.*

It is possible that certain conduct by an attorney may be so egregious that the threshhold question will never be answered in the affirmative. While the conduct of petitioner was less than reputable, his conduct was not so egregious that he may never practice law again. The resumption of the practice of law by petitioner would not give rise to the detrimental effects referred to in rule 218, Pa.R.D.E.

Even though commingling of funds is an act against the interest of a client, such conduct, without more, would not lead to disbarment under the standards currently applied in such matters. Peti-

tioner was involved in only one instance of misuse of client funds. There were no aggravating factors in the conduct of petitioner which would require a stricter penalty than normally applied in a case of misuse of client funds. Petitioner admitted the error of his ways and made restitution of the funds which were not his. Furthermore, petitioner compensated his client for bad check charges incurred by the client and offered to intervene on behalf of the client to protect the credit rating of the client from damage resulting from the misuse of the client's funds by petitioner.

While the pleas in the criminal matter may appear to weigh against reinstatement of petitioner, several facts surrounding the criminal charges should be considered. The charges were the result of an error by petitioner in going too far to do a favor for a client who was in prison. There is no indication that petitioner is or ever was a drug dealer in the common meaning of that term. Furthermore, petitioner has fully paid the fine and costs resulting from the criminal matter and his term of probation was terminated at one-third of the original term.

Nearly eight years have passed since petitioner voluntarily resigned in accordance with rule 215, Pa.R.D.E. Petitioner has continued to keep up with developments in the law during those eight years and has taken and successfully completed the Pennsylvania Basic Practice Course. Six persons have given statements in favor of the reinstatement of petitioner.

It is apparent that petitioner has demonstrated by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice law in Pennsylvania. The magnitude of petitioner's acts were not so great that the resumption of the practice of law by

petitioner eight years following the occurrence of those acts would be detrimental to the integrity and standing of the bar or the administration of justice or subversive of the public interest.

### RECOMMENDATION

In light of the foregoing reasons, the disciplinary board recommends that petitioner, [     ], be readmitted to the practice of law. The board recommends that petitioner pay the costs of this proceeding.

Mr. Mundy and Ms. Heh did not participate in the adjudication.

### ORDER

And now, April 21, 1988, upon consideration of the report and recommendations of the disciplinary board dated November 10, 1987, the petition for reinstatement is granted.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.